ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br>v.<br><br>ANA NILDA RODRÍGUEZ<br><br>ACUSADA<br><br>Lcdo. Ronald Barrau Lake<br><br>PETICIONARIO | TA2026CE00517 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. K MG2026M0002<br><br>Sobre: Art. 108 C.P |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparece ante nos el Lcdo. Ronald Barrau Lake (en adelante, Lcdo. Barrau Lake o peticionario) mediante una *Petición de Certiorari* y solicita que revisemos la *Minuta Resolución* emitida el 17 de abril de 2026 y notificada el 24 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, foro primario o TPI). Mediante el aludido dictamen, el foro primario declaró No Ha Lugar una reconsideración que presentó el Lcdo. Barrau Lake en cuanto a la denegatoria de su solicitud de relevo de representación legal.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* solicitado y revocamos el dictamen recurrido.

**I**

El 16 de marzo de 2026, el TPI emitió una *Orden para la Asignación de Abogado(a) de Oficio*[1] en la que designó al Lcdo. Barrau Lake como abogado de oficio para que representara a la señora Ana Nilda Rodríguez durante las etapas del proceso penal seguido en el caso KMG2026M0002, sobre

---

[1] Apéndice I de la *Petición de Certiorari*, págs. 1-3.

infracción al Artículo 108 del Código Penal de Puerto Rico, delito menos grave. En dicha orden, el Lcdo. Barrau Lake fue notificado del próximo señalamiento del proceso, a celebrarse el 18 de marzo de 2026, así como de la información personal de la acusada y la denuncia.

Al día siguiente, el peticionario radicó una *Moción*[2] ante el TPI en la que sostuvo que desde hace más de veinticinco (25) años que no atiende un caso criminal, por lo que no está preparado para representar adecuadamente a la acusada. El foro primario declaró No Ha Lugar la solicitud del Lcdo. Barrau Lake y le ordenó su comparecencia a la próxima vista señalada.[3]

Inconforme, el 26 de marzo de 2026, el peticionario presentó una *Moción de Reconsideración*[4] en la que reiteró que nunca había ejercido su práctica en el área criminal, que desde hace más de veinticinco (25) años no había atendido un caso criminal, que no estaba capacitado ni preparado y que no poseía la habilidad ni experiencia para asumir la representación legal de persona alguna en el campo criminal. Por ello, solicitó que, conforme al derecho que le asiste a la acusada de ostentar una representación legal adecuada y con el fin de evitar exponerse a sí mismo a conflictos éticos o responsabilidad ante la acusada, se le relevara de la designación de oficio en este caso.

El TPI dispuso que atendería la solicitud de reconsideración en la próxima vista a celebrarse el 30 de marzo de 2026.[5] No obstante, luego de varios incidentes procesales, la vista se llevó a cabo el 17 de abril de 2026.

El peticionario presentó varios escritos adicionales en los que reiteró en diversas formas que no cuenta con la preparación, destreza o conocimientos básicos para representar, responsable y adecuadamente, a persona alguna en el campo criminal.[6]

---

[2] Apéndice II de la *Petición de Certiorari*, pág. 7.
[3] Apéndice III de la *Petición de Certiorari*, pág. 8.
[4] Apéndice IV de la *Petición de Certiorari*, págs. 9-11.
[5] Apéndice V de la *Petición de Certiorari*, pág.12.
[6] Véanse Apéndices VI, VIII y IX de la *Petición de Certiorari*.

El día de la vista, el foro primario, mediante *Minuta Resolución*[7] dictada el 17 de abril de 2026 y notificada el 24 de abril de 2026, resolvió lo siguiente respecto a las solicitudes del peticionario:

> "El Tribunal manifiesta que ha revisado todas las mociones presentadas por la defensa y le invita a ingresar a la página del Tribunal Supremo para gestionar su inclusión en la lista de abogados designados de oficio en el área civil. Actualmente, su nombre aparece en la categoría menos grave, pero si no desea seguir en esa lista, debe realizar los trámites correspondientes para que su nombre solo figure en el área civil. Sin embargo, dado que el caso, no reviste ningún grado de complejidad y su experiencia, el tribunal entiende en que podrá salvaguardar los derechos de la Sra. Ana Nilda Rodríguez y representarla adecuadamente."

Aún inconforme, el 27 de abril de 2026, el peticionario presentó el recurso de epígrafe en el que plantea los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró en derecho el Honorable Tribunal de Primera Instancia al declarar no ha lugar a la solicitud de relevo de representación legal del abogado Peticionario, violando así el derecho constitucional de la acusada, Sra. Ana Nilda Rodríguez, de contar con una asistencia legal adecuada, efectiva y competente.

> **SEGUNDO ERROR:** Cometió error de derecho el Honorable Tribunal de Primera Instancia al no aplicar a este caso la jurisprudencia del Tribunal Supremo de Puerto Rico y la Constitución del Estado Libre Asociado de Puerto Rio, al resolver que mantenía como abogado asignado de la acusada al Peticionario.

> **TERCER ERROR:** Erró en derecho el Honorable Tribunal de Primera Instancia al concluir que el Peticionario tiene suficiente experiencia para representar a la acusada, Sra. Ana Nilda Rodríguez, cuando ello es incorrecto.

> **CUARTO ERROR:** Erró en derecho el Honorable Tribunal de Primera Instancia y abusó de su discreción judicial al no tomar en consideración hechos materiales importantes y livianamente declarar No Ha Lugar el relevo de la asignación de abogado de la acusada al Peticionario.

> **QUINTO ERROR:** Erró en derecho el Tribunal de Primera Instancia al no tomar en consideración las razones de peso presentadas por el Peticionario, quien ha sido víctima de varios delitos graves (asaltos, mutilación (cortaduras en brazo y pierna (dos cicatrices y 13 puntos de sutura)) y escalamientos, entre otros, supra), NUNCA ha tenido una práctica criminal y ha optado, como cuestión personalísima, no atender casos criminales.

---

[7] Apéndice X de la *Petición de Certiorari*, págs. 21-23.

El 8 de mayo de 2026, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó su *Escrito en Cumplimiento de Orden* en el que expresó no tener objeción al relevo de representación legal del peticionario y sostuvo que correspondía a este Tribunal evaluar la solicitud del Lcdo. Barrau Lake, al amparo de las Reglas de Conducta Profesional, *In re Rs. Conducta Prof. PR*, 2025 TSPR 64, 216 DPR ___ (2025) y de la Regla 9 (b) del Reglamento para la Asignación de Abogadas y Abogados de Oficio de Puerto Rico, ER-2018-04.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### A. *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372, citando a *Negrón v. Srio.*

*De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016).

Con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari.* En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

De otra parte, como norma general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo

un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

### B. Representación legal adecuada

La Constitución de Puerto Rico reconoce de forma clara e inequívoca el derecho de toda persona imputada de delito a contar con asistencia legal durante cualquier procedimiento criminal instado en su contra. Art. II, Sec. 11, Const. PR, LPRA, Tomo 1; *In re García Muñoz,* 160 DPR 744, 750-751 (2003). Dicho derecho comprende dos vertientes esenciales: (1) el derecho a una representación legal adecuada y efectiva; y (2) el derecho a que el Estado provea asistencia legal gratuita cuando la persona sea indigente. *In re García Muñoz, supra,* pág. 751. Asimismo, el derecho a la representación legal en el ámbito penal ha sido reconocido como un componente fundamental de la cláusula del debido proceso de ley. *Id.*; *Ramos Acevedo v. Tribunal Superior*, 133 DPR 599, 609 (1993).

Con el propósito de implementar este mandato constitucional, el Tribunal Supremo de Puerto Rico promulgó el Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, según enmendado.[8] En lo pertinente, la Regla 8(e) de dicho reglamento dispone los criterios que debe considerar el tribunal al determinar si procede designar a un abogado o abogada para representar a una persona indigente. Tales criterios son:

---

[8] *In re Aprobación del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, Enmienda a la Regla 36 del Reglamento del Programa de Educación Jurídica Continua y Enmienda a la Regla 9 del Reglamento del Tribunal Supremo*, 201 DPR 261 (2018).

(1) la complejidad particular del caso y **el conocimiento especializado mínimo necesario para atender de manera competente el procedimiento** específico ante su consideración;

(2) los **años de experiencia, el historial de práctica jurídica que surja en el RUA y el historial de casos que ilustre el tipo de procedimiento que atiende con regularidad el abogado o la abogada**;

(3) el período de tiempo que se estima que tomará el proceso, y

(4) la cantidad de asignaciones u horas ofrecidas en la representación de oficio que el tribunal haya certificado en el año fiscal en curso al amparo de este Reglamento. (Énfasis nuestro).

Por otro lado, el inciso (h) de la referida regla establece, en lo pertinente, que, **"[r]ealizada la asignación de oficio, solo podrá relevarse al abogado o la abogada que presente una moción al tribunal y demuestre una causa justificada conforme con lo dispuesto en el ordenamiento ético."** (Énfasis nuestro). La citada Regla añade que el tribunal deberá evaluar si, conforme dispone la Regla 9 (b) del Reglamento, existe justa causa para conceder el relevo de la representación legal. La Regla 9 (b) por su parte, establece que todo abogado o toda abogada que solicite relevo de una asignación de oficio deberá explicar las razones que justifican el diferimiento y el relevo de la representación legal en el caso particular, conforme dispone el inciso (h) de la Regla 8. En la moción, deberán establecerse las razones que constituyen justa causa, entre ellas que:

(1) La asignación sería onerosa en vista de la cantidad de asignaciones de oficio recibidas o de la cantidad de horas de oficio pro bono ofrecidas en la representación de oficio y certificadas al amparo de este Reglamento durante el año fiscal en curso.

(2) Durante el año fiscal, el abogado o la abogada recibió 3 asignaciones previas que le requirieron una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó una inversión sustancial de tiempo cuando las 3 asignaciones de oficio al amparo de este Reglamento le han requerido en el año fiscal en curso

(i) la prestación, en el agregado, de más de 50 horas certificadas por el tribunal o

(ii) la atención de juicios criminales en su fondo;

(3) **la asignación implicaría un quebrantamiento de los deberes éticos de diligencia y competencia**, o

(4) **existan conflictos** de intereses personales, **éticos** o profesionales. (Énfasis nuestro).

### III

En el presente caso, concluimos que procede expedir el auto solicitado. El peticionario nos solicita que revoquemos la determinación del foro primario mediante la cual denegó su solicitud de relevo de representación legal, a pesar de que este alega no estar capacitado ni tener los conocimientos básicos para atender responsablemente ningún caso criminal.

Surge del expediente que el Lcdo. Barrau Lake planteó reiteradamente que no ejerce la práctica criminal desde hace más de veinticinco (25) años, que nunca ha desarrollado una práctica profesional en dicha área y que no cuenta con la preparación ni experiencia necesarias para asumir adecuadamente la representación legal de una persona acusada en un procedimiento penal. Asimismo, expresó que continuar en la representación podría colocarlo en conflicto con sus deberes éticos de competencia y diligencia.

Aunque el foro primario razonó que el caso no revestía complejidad y expresó que el peticionario podría salvaguardar adecuadamente los derechos de la acusada, del expediente no surge una consideración detallada de los criterios dispuestos en las Reglas 8(e) y 9(b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, particularmente aquellos relacionados con la competencia profesional y las implicaciones éticas planteadas por el peticionario.

A ello se añade que el Pueblo de Puerto Rico expresó no tener objeción al relevo solicitado y reconoció que correspondía evaluar la petición conforme a las disposiciones reglamentarias y éticas pertinentes. Así, consideradas las circunstancias particulares del caso y el derecho aplicable, concluimos que procede expedir el recurso y revocar el dictamen recurrido.

**IV**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y ***revocamos*** la determinación recurrida.

En consecuencia, se releva al Lcdo. Barrau Lake de la representación legal de oficio de la señora Ana Nilda Rodríguez y se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones